LeRoy et al., Appellants and Cross-Appellees, *v.* Allen, Yurasek & Merklin et al., Appellees and Cross-Appellants.

[Cite as *LeRoy v. Allen, Yurasek & Merklin,*
114 Ohio St.3d 323, 2007-Ohio-3608.]

(Nos. 2005–1593 and 2005–1926—Submitted
April 3, 2007—Decided July 18, 2007.)

O'Connor, J.

{¶ 1} This appeal presents two distinct issues involving whether a complaint in a legal-malpractice action filed by plaintiffs who are outside the attorney-client relationship states cognizable claims. For the reasons that follow, we hold that the complaint under consideration does state valid claims, but under only one of the two grounds endorsed by the court of appeals. Consequently, we affirm in part and reverse in part the judgment of the court of appeals.

## Background

{¶ 2} Mary Elizabeth Behrens died on May 1, 2002. Mary Elizabeth Behrens was the matriarch of the Behrens family and had been the principal shareholder in Marysville Newspapers, Inc., a closely held corporation, which publishes two local newspapers in Union County and which is the part owner of another corporation that prints newspapers in Union and nearby counties.

{¶ 3} Plaintiffs-appellants and cross-appellees, Julie Behrens LeRoy and Mary Behrens Miller, are the surviving daughters of Mary Elizabeth Behrens. Dan Behrens is the third surviving child of Mary Elizabeth Behrens. As of October 2001, Mary Elizabeth Behrens (63 shares), Dan Behrens (30 shares), Julie LeRoy (30 shares), and Mary Miller (20 shares) jointly owned Marysville Newspapers, Inc.

{¶ 4} In November 2001, Mary Elizabeth Behrens's former will was replaced by a new one. In December 2001, all of Mary Elizabeth Behrens's stock in Marysville Newspapers was transferred to her grandson Kevin Behrens (Dan Behrens's son). LeRoy and Miller were not advised of these developments until after Mary Elizabeth Behrens had died.

{¶ 5} In December 2002, LeRoy and Miller filed a legal-malpractice complaint in the Union County Court of Common Pleas against defendants-appellees and cross-appellants, Allen, Yurasek & Merklin, David F. Allen, and Stephen J. Yurasek, for legal services performed by defendants regarding the preparation of the November 2001 will and the December 2001 transfer of the stock. The complaint alleged that in November 2001, Mary Elizabeth Behrens was suffering from numerous physical ailments and dementia, that Dan Behrens had "orchestrated" the execution of the new will, that Dan and Kevin Behrens had "orchestrated" the transfer of the stock, that defendants had improperly served simultaneously as counsel for Mary Elizabeth Behrens, Dan Behrens, Kevin Behrens, and Marysville Newspapers, that defendants had colluded with Dan and Kevin Behrens to impose undue pressure upon Mary Elizabeth Behrens regarding the will, and that defendants had failed to competently advise Mary Elizabeth Behrens regarding the will.

{¶ 6} LeRoy and Miller asserted that based on the allegations, defendants had breached legal duties to provide services in a reasonable and competent manner, unimpeded by conflicts of interest. LeRoy and Miller sought compensatory and punitive damages and other relief through one count sounding in negligence and one count sounding in breach of contract.

{¶ 7} LeRoy and Miller's complaint specifically asserted that their claims were not barred by the holding in *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 512 N.E.2d 636. In *Simon*, this court confirmed that "an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice." Id. at 76, 512 N.E.2d 636, citing *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of the syllabus.

{¶ 8} The complaint alleged that special circumstances existed justifying departure from *Simon*'s general rule, including that conflicts of interest were present that made defendants' representation improper, that defendants had acted in bad faith, and that defendants had colluded with Dan and Kevin Behrens. In an attempt to invoke the privity exception of *Simon*, the complaint also alleged that Mary Elizabeth Behrens, as "majority shareholder" of Marysville Newspapers, owed a fiduciary duty to LeRoy and Miller as minority shareholders.

{¶ 9} Defendants moved to dismiss the complaint under Civ.R. 12(B)(6), arguing that *Simon* controlled, that LeRoy and Miller had no standing to sue them for legal malpractice under its holding, and that LeRoy and Miller had not met any of *Simon*'s exceptions. On December 6, 2004, the trial court dismissed

all of LeRoy and Miller's claims.[1] The trial court gave no specific reasons for its decision other than referring generally to defendants' motion to dismiss.

{¶ 10} Upon LeRoy and Miller's appeal, the court of appeals reversed on two different grounds, holding that LeRoy and Miller had succeeded in stating claims under two different exceptions to *Simon*'s general rule sufficient to overcome dismissal of their claims pursuant to Civ.R. 12(B)(6). In finding *Simon*'s privity exception satisfied, the court of appeals held that Mary Elizabeth Behrens, as majority shareholder in Marysville Newspapers, owed a fiduciary duty to LeRoy and Miller, as minority shareholders, and that therefore LeRoy and Miller were in privity with her for purposes of the stock transfer. *LeRoy v. Allen, Yurasek & Merklin,* 3d Dist. No. 14–04–49, 2005-Ohio-3516, 2005 WL 2064144; see opinion on reconsideration, 162 Ohio App.3d 155, 2005-Ohio-4452, 832 N.E.2d 1246, ¶ 18. (The decision in *LeRoy v. Allen, Yurasek & Merklin,* 162 Ohio App.3d 155, 2005-Ohio-4452, 832 N.E.2d 1246, vacated the decision in 2005-Ohio-3516.)[2] In finding *Simon*'s malice exception satisfied, the court of appeals held that LeRoy and Miller's complaint included allegations of the special circumstances of conflict of interest and collusion that were sufficient to state a valid claim. Id. at ¶ 21–22.

{¶ 11} LeRoy and Miller moved for reconsideration in the court of appeals, based on concerns that the court of appeals' initial decision was ambiguous as to whether a portion of the trial court's order of dismissal would stand. Prior to the court of appeals' ruling on that motion, LeRoy and Miller appealed to this court based on the same concerns, and defendants cross-appealed from the court of appeals' determination that LeRoy and Miller had stated valid claims under *Simon.* This court accepted the appeal and the cross-appeal as case No. 2005–1593. 108 Ohio St.3d 1411, 2006-Ohio-179, 841 N.E.2d 317.

{¶ 12} In the interim, the court of appeals granted LeRoy and Miller's motion for reconsideration, vacated its initial decision, and issued a new decision with minor clarifications that satisfied LeRoy and Miller's concerns. 162 Ohio App.3d 155, 2005-Ohio-4452, 832 N.E.2d 1246. Defendants appealed to this court from the court of appeals' decision on reconsideration. This court accepted that appeal of defendants as case No. 2005–1926, granted defendants' motion to consolidate case Nos. 2005–1593 and 2005–1926, 108 Ohio St.3d 1435, 2006-Ohio-421, 842 N.E.2d 61, and ordered that the parties combine the briefing of the two cases. This court later ordered, sua sponte, that the parties were to file their merit

---

1. The trial court noted that separate claims "asserted on behalf of the Estate of Mary Elizabeth Behrens remain pending."

2. The court of appeals' opinion upon reconsideration is substantially similar to the court of appeals' initial decision, with only slight variations that are immaterial for our purposes.

briefs according to the alignment of the parties in case No. 2005–1593.   108 Ohio St.3d 1463, 2006-Ohio-594, 842 N.E.2d 536.

{¶ 13} The end result of this sequence of events is that LeRoy and Miller are nominally designated as "appellants and cross-appellees" under both case numbers even though they no longer take issue with any aspect of the court of appeals' judgment—due to that court's decision to grant reconsideration, to vacate its initial opinion, and to issue the modified opinion on reconsideration. Moreover, although defendants are nominally listed as "appellees and cross-appellants," it is only defendants who continue to maintain that the judgment of the court of appeals should be reversed.

## Analysis

{¶ 14} Because the trial court dismissed all claims under Civ.R. 12(B)(6), that rule's standards govern our consideration.   In order to sustain dismissal of a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.   *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11.   The allegations of the complaint must be construed as true.   *Maitland v. Ford Motor Co.,* 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11. Furthermore, the complaint's material allegations and any reasonable inferences drawn therefrom must be construed in the nonmoving party's favor.   *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863.

{¶ 15} In *Scholler,* 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, this court recognized that attorneys have a qualified immunity from liability to third parties for acts or omissions concerning the representation of a client, holding at paragraph one of the syllabus that "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."   Id. at paragraph one of the syllabus.

{¶ 16} In *Simon,* 32 Ohio St.3d at 76, 512 N.E.2d 636, this court reiterated its support for the holding in *Scholler,* explaining, "The rationale for this posture is clear:  the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client."

{¶ 17} Because LeRoy and Miller do not challenge the general rule of attorney immunity set forth in *Simon* and *Scholler* as this case now stands, this appeal does not test the continuing validity of those precedents.   This case also does not present issues regarding whether additional exceptions to the general rule beyond those already recognized should exist.

{¶ 18} Rather, the focus of LeRoy and Miller's position is that two different, already existing exceptions to the general rule should apply based on the facts of their case. The court of appeals agreed with LeRoy and Miller that their complaint successfully raised allegations invoking both the privity and malice exceptions sufficient to overcome a motion to dismiss for failure to state a claim. Defendants' two propositions of law argue that the court of appeals' legal analysis was wrong regarding both exceptions. We consider each exception in turn.

## The Privity Exception

{¶ 19} In holding that LeRoy and Miller stated a claim for legal malpractice under the privity exception when the allegations of the complaint are accepted as true, the court of appeals reasoned that Mary Elizabeth Behrens, as the majority shareholder of Marysville Newspapers, owed a fiduciary duty to the minority shareholders (LeRoy and Miller), which established privity between Mary Elizabeth Behrens and LeRoy and Miller "for the purposes of the stock transfer." 162 Ohio App.3d 155, 2005-Ohio-4452, 832 N.E.2d 1246, ¶ 18.

{¶ 20} The linchpin of the court of appeals' holding was an analogy based on this court's decisions in *Arpadi v. First MSP Corp.* (1994), 68 Ohio St.3d 453, 628 N.E.2d 1335, and in *Crosby v. Beam* (1989), 47 Ohio St.3d 105, 548 N.E.2d 217.

{¶ 21} At issue in *Arpadi* was a legal-malpractice claim brought by limited partners of a partnership against a law firm and an attorney who did legal work for the partnership at the behest of the general partner. This court in *Arpadi* stated:

{¶ 22} "[A]n attorney retained by a fiduciary owes a similar duty to those with whom the client has a fiduciary relationship. In a partnership, the partners of which it is composed owe a fiduciary duty to each other. Consequently, in a limited partnership, the general partner owes a fiduciary duty to the limited partners of the enterprise.

{¶ 23} "*A fortiori* those persons to whom a fiduciary duty is owed are in privity with the fiduciary such that an attorney-client relationship established with the fiduciary extends to those in privity therewith regarding matters to which the fiduciary duty relates." (Citations and footnote omitted.) 68 Ohio St.3d at 458, 628 N.E.2d 1335, and at paragraphs two and three of the syllabus.

{¶ 24} *Crosby* was not a legal-malpractice action but was an action brought by minority shareholders of a close corporation alleging that the majority shareholders had breached fiduciary duties owed to the minority shareholders by using their majority control to deprive minority shareholders of the benefits of their investment. The issue before this court was whether the plaintiffs' suit could be maintained as an individual action, or whether the suit was required to be

brought as a Civ.R. 23.1 shareholder's derivative action. *Crosby*, 47 Ohio St.3d at 107, 548 N.E.2d 217.

{¶ 25} In analyzing the fiduciary duties involved, this court in *Crosby* stated that there is "a heightened fiduciary duty between majority and minority shareholders in a close corporation. This duty is similar to the duty that partners owe one another in a partnership because of the fundamental resemblance between the close corporation and a partnership." (Footnote omitted.) Id. at 108, 548 N.E.2d 217.

{¶ 26} The court of appeals in this case reasoned that because Mary Elizabeth Behrens owed a fiduciary duty under *Crosby* to LeRoy and Allen that was similar to the duty owed in *Arpadi*, the privity exception to *Simon* was met as in *Arpadi*. 162 Ohio App.3d 155, 2005-Ohio-4452, 832 N.E.2d 1246, ¶ 18.

{¶ 27} The major flaw in the court of appeals' reasoning is that *Arpadi* found privity in a partnership situation specifically only as to "matters to which the fiduciary duty relates." *Arpadi*, 68 Ohio St.3d at 458, 628 N.E.2d 1335. The claims of LeRoy and Miller, however, are not such claims. A private transfer of stock does not, in and of itself, implicate any fiduciary duty on the part of a majority shareholder toward minority shareholders.[3]

{¶ 28} The transfer of stock that LeRoy and Miller challenge in this case is fundamentally different from the legal work at issue in *Arpadi*, in which the alleged legal malpractice that occurred was for legal representation specifically done regarding partnership matters. The transfer of stock was a purely private matter, personal to Mary Elizabeth Behrens, and was not done on behalf of Marysville Newspapers. For that reason, the legal work done by defendants regarding that transfer does not implicate the fiduciary duties discussed in either *Arpadi* or *Crosby*, the privity exception of *Simon* is clearly inapplicable, and LeRoy and Miller failed to state a valid claim under that exception. We reverse the judgment of the court of appeals on this issue.

{¶ 29} Defendants argue as an alternate ground to support reversal on the privity issue that the court of appeals erroneously used *Crosby*'s discussion of close corporations to extend *Arpadi*'s holding regarding fiduciary duties in limited partnerships to also cover close corporations. Defendants point out that the Sixth Circuit Court of Appeals in *Thompson v. Karr* (July 15, 1999), C.A.6 No. 98–3544, 182 F.3d 918 (unpublished table decision), 1999 WL 519297, expressly declined to employ *Crosby* in this way to extend the holding of *Arpadi* to

---

3. However, the "orchestration" of the transfer of stock, as well as the circumstances surrounding the execution of the November 2001 will, may be factors to be considered in determining whether "special circumstances" exist to establish fraud, bad faith, collusion or other malicious conduct under *Simon*.

support a fiduciary relationship and resulting privity for a third-party legal-malpractice claim involving a close corporation.

{¶ 30} We need not address this alternate argument in light of our holding that the privity exception does not apply because the legal activities in this case were inherently not "matters to which the fiduciary duty relates." *Arpadi,* 68 Ohio St.3d at 458, 628 N.E.2d 1335. Based on our recognition of that fundamental point, the court of appeals should not have reached this issue, its discussion of the issue has no effect, and resolution of the issue by this court must await another day.

{¶ 31} For similar reasons, we need not address arguments based on disciplinary rules and ethical considerations posed by amicus curiae Ohio State Bar Association, which asserts that the court of appeals' application of *Simon*'s privity exception to this situation compromises an attorney's obligation of undivided loyalty to his or her client.

## The Malice Exception

{¶ 32} In *Simon,* 32 Ohio St.3d at 76, 512 N.E.2d 636, this court left open the possibility that "where privity is lacking," an attorney may be held liable to a third party for legal malpractice if "fraud, collusion or malice" is present. In finding a potential exception to the general rule of attorney immunity inapplicable in that particular case, this court stated that "appellee's complaint set forth no special circumstances such as fraud, bad faith, collusion or other malicious conduct which would justify departure from the general rule." Id. at 76–77, 512 N.E.2d 636.

{¶ 33} The court of appeals in this case recognized that LeRoy and Miller's complaint's allegations of special circumstances under *Simon* must be taken as true for purposes of Civ.R. 12(B)(6). The appellate court based its determination that LeRoy and Miller had stated a valid claim for attorney malpractice under *Simon*'s malice exception on the fact that the complaint expressly alleged conflicts of interest and collusion, because collusion is a special circumstance specifically mentioned in *Simon.* 162 Ohio App.3d 155, 2005-Ohio-4452, 832 N.E.2d 1246, ¶ 20–21.

{¶ 34} Defendants make three related arguments to dispute the conclusion drawn by the court of appeals. Defendants argue (1) that LeRoy and Miller's complaint pleads collusion as "an unsupported legal conclusion," (2) that under Civ.R. 9(B),[4] allegations of fraud must be pleaded with particularity and that

---

4. {¶ a} Civ.R. 9(B) provides:

collusion is similar enough to fraud that collusion should also be pleaded with particularity, and (3) that the collusion alleged in this case was not "directed at" LeRoy and Miller.

{¶ 35} Our examination of the entirety of the complaint leads us to reject these arguments. As to the argument regarding Civ.R. 9(B)'s requirement of particularity in pleading, the rule specifies that "[m]alice * * * may be averred generally." LeRoy and Miller's allegations of collusion and conflict of interest fall within the ambit of malice based on the sum total of the underlying facts alleged, and in this situation are not allegations so akin to fraud that they trigger the rule's particularized pleading requirements.

{¶ 36} Defendants also generally argue that the estate of Mary Elizabeth Behrens is actually the proper party to bring the claims that LeRoy and Miller raise in their complaint. Defendants further mention that at the time the trial court dismissed LeRoy and Miller's complaint, the claims of the estate remained pending before the trial court.

{¶ 37} Defendants' arguments in this regard may have some validity, as the gist of LeRoy and Miller's complaint could be construed as asserting that defendants' alleged legal malpractice caused assets that should have been in Mary Elizabeth Behrens's estate not to be in her estate at the time of her death. Regardless of the defendants' arguments, these considerations do not affect our overall analysis, which must focus more narrowly on whether LeRoy and Miller's complaint is sufficient to overcome a motion to dismiss for failure to state a claim upon which relief can be granted regarding malice.

{¶ 38} We therefore agree with the conclusion reached by the court of appeals that LeRoy and Miller have satisfied the standards of Civ.R. 12(B)(6) to state a valid claim under *Simon*'s malice exception. We affirm the judgment of the court of appeals on that issue.

## Conclusion

{¶ 39} We affirm the judgment of the court of appeals in part (regarding *Simon*'s malice exception) and reverse it in part (regarding *Simon*'s privity exception). This cause is remanded to the trial court for further proceedings consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

---

{¶ b} "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER and HOFFMAN, JJ., concur.

WILLIAM B. HOFFMAN, J., of the Fifth Appellate District, sitting for CUPP, J.

---

Buckingham, Doolittle & Burroughs, L.L.P., Charles E. Ticknor III, Thomas J. Bonasera, and Paul Giorgianni, for appellants and cross-appellees.

Porter, Wright, Morris & Arthur, L.L.P., Anthony R. McClure, and Joseph W. Ryan Jr., for appellees and cross-appellants.

Volkema Thomas, L.P.A., Frederick M. Morgan Jr., and Michael S. Miller; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Academy of Trial Lawyers.

Eugene P. Whetzel; and Lane Alton & Horst, L.L.C., Alvin E. Mathews Jr., Rick E. Marsh, and Amy J. Ervin, urging reversal for amicus curiae Ohio State Bar Association.