[Cite as *Stepp v. Wiseco Piston Co., Inc.*, 2013-Ohio-5832.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ALYSON R. STEPP, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-059** |
| WISECO PISTON COMPANY, INC., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12 CV 003243.

Judgment: Affirmed.

*Richard T. Seman, Jr.,* 7784 Reynolds Road, Mentor, OH 44060 (For Plaintiff-Appellee).

*Dale A. Nowak,* Buckingham, Doolittle & Burroughs, L.L.P., 1375 East Ninth Street, #1700, Cleveland, OH 44114 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Wiseco Piston Company, Inc., appeals the Judgment of the Lake County Court of Common Pleas, denying its Motion to Dismiss plaintiff-appellee, Alyson R. Stepp's, discovery action. The issue before this court is whether an action for discovery, brought pursuant to R.C. 2317.48, is subject to dismissal where the plaintiff seeks to discover the source of allegedly defamatory statements and where such statements are entitled to the qualified privilege that

attaches to workplace investigations. For the following reasons, we affirm the decision of the court below.

{¶2} On December 14, 2012, Stepp filed a Complaint and/or Petition and/or Action for Discovery in the Lake County Court of Common Pleas. The Complaint contained the following factual averments, supported by Stepp's attached affidavit:

{¶3} Plaintiff was working for Defendant Wiseco when, in the summer of 2012, she had an argument with her immediate supervisor. Later in the same day she talked about that argument with a different co-worker in a brief conversation, in person, at Plaintiff's cubicle. Some time thereafter Plaintiff was falsely accused (by *somebody*, the exact identity of whom is not definitely known by Plaintiff at this time, although it *has* been represented to Plaintiff that *two* people made such allegations) of, as Plaintiff understands it, having spent *hours* complaining about the incident to multiple people over company phone lines, and as a result Plaintiff was suspended five days without pay. Consequently, Plaintiff strongly believes and avers herein as true that she has been defamed in matters relating to her work, business and/or professional life in a manner which would be legally actionable as defamation (slander and/or libel) if Plaintiff knew the details of who said exactly what, and Plaintiff has been damaged as a result, minimally in the form of emotional pain and suffering, damages to her reputation (including but not limited to the contents of Plaintiff's personnel file and/or information at

2

Defendant Wiseco), and lost wages in the approximate amount of $1,000.00, plus her attorney fees.

{¶4} Stepp filed the lawsuit for the following stated purpose: "In order to fully evaluate her potential claim(s), and/or to pursue same in court, Plaintiff needs more information about exactly who said what about her, so she knows *who* to sue and exactly upon what basis or bases."

{¶5} Count One of the Complaint sought discovery, pursuant to Civil Rule 34(D), of "all documents * * * which contain all information relating to matters about which Plaintiff is seeking discovery * * *, including but not necessarily limited to information regarding the names of all persons who made allegations about Plaintiff in Defendant Wiseco's work environment in or about June and/or July 2012 * * *."

{¶6} Count Two of the Complaint sought, pursuant to R.C. 2317.48, an order compelling Wiseco to respond to the following interrogatories:

{¶7} INTERROGATORIES 1 & 2: Identify by full legal name and last known residential address each and every person who made allegations against Plaintiff Alyson Stepp in June and/or July of 2012 upon which Plaintiff Alyson[] Stepp's five day suspension of July, 2012 was based in whole or in part.

{¶8} INTERROGATORY 3: Set forth the substance of any and all allegations which were made by any person identified in response to Interrogatories 1-2 hereinabove, upon which allegations the five day suspension of Plaintiff Alyson Stepp was based in whole or in part in July of 2012.

3

**{¶9}** On March 7, 2013, Wiseco filed a Motion to Dismiss, pursuant to Civil Rule 12(B)(6), for "failure to state a claim upon which relief can be granted." Wiseco argued: "The Complaint filed in this matter fails to demonstrate the existence of a claim for defamation, and is truly just a fishing expedition to see if one can be found."

**{¶10}** On May 15, 2013, the trial court issued a Judgment Entry, denying the Motion to Dismiss and ordering Wiseco to answer the discovery requests and interrogatories within thirty days from the date of the Entry. The court determined that "Plaintiff clearly alleges that she potentially has a defamation claim arising from specific false statements that have been made about her." Although she "knows the substance of the statements," she does not know "the identities of the individuals who made them or exactly what the statements were." The court concluded that "the discovery requested by Plaintiff is necessary to ascertain the identity of the alleged wrongdoers and the details of what exactly occurred," and that "Plaintiff is otherwise unable to bring the contemplated action."

**{¶11}** On June 13, 2013, Wiseco filed a Notice of Appeal and Motion to Stay Judgment pending Appeal.

**{¶12}** On July 12, 2013, the trial court granted Wiseco's Motion to Stay Judgment pending Appeal.

**{¶13}** On appeal, Wiseco raises the following assignment of error:

**{¶14}** "[1.] The trial court committed reversible error when it denied Appellant's motion to dismiss the complaint and ordered Appellant to provide discovery pursuant to O.R.C. 2317.48."

4

{¶15} In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor. Id. Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

*Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Sizemore v. ESIS, Inc.*, 9th Dist. Medina No. 11CA0107-M, 2012-Ohio-4004, ¶ 8 ("the question of whether the plaintiff has met the requirements for an Action for Discovery is a question of law"); *Riverview Health Inst., LLC v. Kral*, 2nd Dist. Montgomery No. 24931, 2012-Ohio-3502, ¶ 15 ("[w]e review the trial court's dismissal of a Civ.R. 34(D) petition for pre-suit discovery on a de novo basis").

{¶16} Ohio Revised Code 2317.48 provides:

{¶17} When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact

from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought.

{¶18} Civil Rule 34 provides that "a person who claims to have a potential cause of action may file a petition to obtain discovery," when "[t]he discovery is necessary to ascertain the identity of a potential adverse party." Civ.R. 34(D)(1) and (3)(a).

{¶19} Wiseco's first argument under its sole assignment of error is that Stepp's Complaint is subject to dismissal on the grounds that the pleading fails to establish "that a viable cause of action actually exists," i.e., "a suspicion or hunch of a false and defamatory statement is insufficient to support a discovery-only action." Appellant's Brief at 7. *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 127, 541 N.E.2d 1031 (1989) (an action for discovery "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint or a defense filed pursuant to the Civil Rules"); *Baker v. Cooper Farms Cooked Meats*, 3rd Dist. Van Wert No. 15-09-03, 2009-Ohio-3320, ¶ 11 ("[a]n action for discovery is to be used only to uncover facts necessary for pleading, not to gather proof to support a claim or to determine whether a cause of action exists"); *Cleveland Constr., Inc. v. Carr*, 11th Dist. Ashtabula No. 98-A-0002, 1998 Ohio App. LEXIS 6145, 9 (Dec. 18, 1998) ("a potential cause of action is not a sufficient ground for a court to grant a complainant discovery under R.C. 2317.48").

6

**{¶20}** We agree with the trial court that Stepp adequately pled the elements of a cause of action for defamation, only omitting the identity of the persons making the defamatory statements. In the Complaint, Stepp alleged that a person or persons, whose identity is unknown, made false statements of fact about her which were communicated to her employer with the result that she suffered damage as a proximate result thereof. *Braun v. Ultimate Jetcharters, Inc.*, N.D.Ohio No. 5:12cv1635, 2013 U.S. Dist. LEXIS 22325, 38 (Feb. 19, 2013) ("[u]nder Ohio law, a plaintiff alleging defamation, whether libel or slander, must show that 'a defendant published defamatory and actionable statements to a third party who understood the defamatory nature of the publication") (citation omitted) (cases cited).

**{¶21}** Wiseco cites to the statement in the Complaint that Stepp "is basically looking for information and/or confirmation regarding the identity of the person(s) that made false allegations against her in Defendant Wiseco's work environment," and "also seeking in this action the *exact* nature of the false allegations against Plaintiff, or 'who exactly said what exactly.'" The statements reflect the fact that the ultimate form of Stepp's claims might be affected by the discovery obtained from Wiseco. The statements do not detract from the fact that Stepp has satisfied the pleading requirements for a discovery action by setting forth "[a] statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action." Civ.R. 34(D)(1)(a); *Rood v. FRJ, Ltd.*, 11th Dist. Lake No. 2010-L-077, 2011-Ohio-2712, ¶ 39 ("[t]he fact that the requested discovery may lead to discovery of other causes of action does not justify denial of the petition").

**{¶22}** In contrast to the cases cited by Wiseco, which affirm the dismissal of discovery actions, Stepp has averred sufficient facts to reveal a potential cause of action. *Bridgestone/Firestone v. Hankook Tire Mfg. Co., Inc.*, 116 Ohio App.3d 228, 232, 687 N.E.2d 502 (9th Dist.1996) (a complaint must "aver sufficient facts to reveal a 'potential cause of action'"). Every element of a cause of action for defamation is present, absent only the identity of the person or persons making the allegedly defamatory statements.

**{¶23}** Wiseco's second argument is that, since the alleged defamatory statements are qualifiedly or conditionally privileged, Stepp "must plead facts sufficient to demonstrate that the allegedly false and defamatory statement * * * was made * * * with 'actual malice' in order to defeat [the] privilege." Appellant's Brief at 11. *See Gintert v. WCI Steel, Inc.*, 11th Dist. Trumbull No. 2002-T-0124, 2007-Ohio-6737, ¶ 21 ("[u]nder the doctrine of qualified privilege, statements made in good faith on a matter of common interest between an employer and an employee, or between two employees, concerning a third employee are protected in an action for defamation").

**{¶24}** Wiseco fails to cite any binding or persuasive authority for the proposition that a plaintiff must plead actual malice until the defense of qualified privilege is raised in a responsive pleading. Wiseco cites to several out of state cases which we do not find persuasive, inasmuch as they conflict with the principles of Ohio law set forth below.

**{¶25}** Under Ohio law, the doctrine of qualified privilege is an affirmative defense which the defendant bears the burden of raising.

**{¶26}** In an action for defamation, the plaintiff's prima facie case is made out when he has established a publication to a third person for which defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character. Defendant may then invoke various defenses, if available. One of these is known as "qualified privilege," in which the interest that the defendant is seeking to vindicate is conditioned upon publication in a reasonable manner and for a proper purpose. It is also referred to as a conditional privilege.

*Hahn v. Kotten*, 43 Ohio St.2d 237, 243, 331 N.E.2d 713 (1975). "Once [defendant] asserted the defense that its statements were made in good faith, [plaintiff] had the burden of showing that [defendant] acted with actual malice and could not merely rely on allegations in the complaint." *Evely v. Carlon Co., Div. of Indian Head, Inc.*, 4 Ohio St.3d 163, 166, 447 N.E.2d 1290 (1983).

**{¶27}** Accordingly, the affirmative defense of qualified privilege is waived if not properly raised. *Isquick v. Dale Adams Ents., Inc.*, 9th Dist. Summit No. 20839, 2002-Ohio-3988, ¶ 24; *Morrison v. Gugle*, 142 Ohio App.3d 244, 258, 755 N.E.2d 404 (10th Dist.2001).

**{¶28}** Since the defense of qualified privilege is an affirmative defense which must be raised in a responsive pleading, Stepp's failure to plead actual malice is not grounds for dismissing her discovery action.

**{¶29}** The sole assignment of error is without merit.

9

{¶30} For the foregoing reasons, the Judgment of the Lake County Court of Common Pleas, denying Wiseco's Motion to Dismiss and ordering discovery, is affirmed. Costs to be taxed against the appellant.


COLLEEN MARY O'TOOLE, J., concurs,

TIMOTHY P. CANNON, P.J., concurs with a Concurring Opinion.


_____


TIMOTHY P. CANNON, P.J., concurring.

{¶31} I respectfully concur with the opinion of the majority. I write separately only to emphasize, as the majority notes, that this appeal is considered only under a Civ.R. 12(B)(6) analysis. In the context of a Civ.R. 12(B)(6) motion and the limited information in the current record, we are unable to consider whether appellant may be entitled to summary judgment on other defenses such as qualified privilege or expiration of the statute of limitations on the underlying claims.