[Cite as *Ander v. Clark*, 2014-Ohio-2664.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michelle Ander et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 14AP-65 |
| | | (C.P.C. No. 13CVA-11636) |
| Todd Clark, OD et al., | : | |
| | | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 19, 2014

*Donahey Defossez & Beausay*, **and** *T. Jeffrey Beausay*, **for appellants.**

*Freund, Freeze & Arnold*, **and** *Mark A. MacDonald*, **for appellees.**

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Michelle Ander, appeals from the decision and entry of the Franklin County Court of Common Pleas dismissing her complaint for optometric negligence. Specifically, the trial court dismissed the claim under Civ.R. 12(B)(6) as barred by the four-year statute of repose in R.C. 2305.113(C).

{¶ 2} Anders assigns three errors for our consideration:

[I.] The trial court erred in granting defendants' Rule 12(B)(6) motion.

[II.] The trial court erred in failing to give plaintiffs an opportunity to amend the complaint.

[III.] The trial court erred in failing to explicitly state that the dismissal was otherwise than on the merits.

{¶ 3} According to the rather sparse complaint filed on October 21, 2013, Ander was a patient of defendant-appellee, Todd Clark, OD, a licensed optometrist in the state of Ohio. She alleged that in July 2003, Clark recognized an abnormality in Ander's eyes known as "Kruckenberg spindles," but failed to recommend or perform additional studies and failed to refer Ander to an ophthalmologist. As a result of this alleged negligence, Ander suffered a permanent loss of vision and was not correctly diagnosed and treated for glaucoma until November 2012 when she was finally referred to a glaucoma specialist by another optometrist.

{¶ 4} Clark and his employer, Image Optical, LLC, filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Specifically, appellee claimed that Ander's claim was barred by the four-year statute of repose set forth in R.C. 2305.113(C).

{¶ 5} Pursuant to R.C. 2305.113(C), except for certain enumerated exceptions not applicable here:

> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
>
> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

{¶ 6} "[T]he General Assembly recognized in R.C. 2305.113 that in some cases, an injury may not manifest itself within one year of a breach of a duty of care and so has provided the general discovery period of four years. Within that boundary, when the patient discovers or should have discovered the injury, or when the relationship with the doctor terminates, whichever is later, the one-year statute of limitations begins to run." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, ¶ 18. In *Ruther*, syllabus, the Supreme Court of Ohio found that "[t]he medical-malpractice statute of repose found in

R.C. 2305.113(C) does not extinguish a vested right and thus does not violate the Ohio Constitution, Article I, Section 16." A vested right occurs when there is " 'the existence of a duty, a breach of that duty and injury resulting proximately therefrom.' " *Id.* at ¶ 16, quoting *Mussivand v. David*, 45 Ohio St.2d 314, 318 (1989). R.C. 2305.113(C) thus bars claims that have not vested within four years of the negligent act. Once vesting occurs, the timeliness of the complaint is controlled by the statute of limitations and its relevant tolling provisions such as the discovery rule.

{¶ 7} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a reasonable doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 8} Here, the complaint does not specify when the alleged negligence took place. Appellees inferred the claim arose in 2003 when Ander was first diagnosed with Kruckenberg spindles. However, the discovery of Kruckenberg spindles in 2003 was not claimed to be negligent. Rather, Clark's discovery of the condition was an act of optometric competence. The complaint stated that Clark's negligence arose when he failed to recommend or perform additional studies and failed to refer Ander to an ophthalmologist. Ander argues that the alleged negligence was a failure to manage her care properly over the prior decade. How much time should pass before a referral to a specialist is not part of the complaint, and requires discovery and further development of the case. It is reasonable to infer that the alleged negligence did not arise until some period of time had passed.

{¶ 9} Discovery can flesh out what Clark did or did not do, why he did what he did, how he interpreted the records available to Ander, and what other information exists

outside of the electronic record.  Ander should be given the opportunity to develop her case because it cannot be said with certainty that her claim is barred by R.C. 2305.113. Therefore, dismissal for failure to state a claim was premature and erroneous.

{¶ 10} We recognize that further discovery might show the claim to be time barred, but at this stage of the litigation it cannot be said that Ander can prove no set of facts entitling her to recovery.

{¶ 11} The first assignment of error is sustained.  The second and third assignments of error are overruled as moot.  The judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded for further proceedings in accordance with this decision.

*Judgment reversed and remanded for further proceedings.*

BROWN and CONNOR, JJ., concur.

———————————