[Cite as *Antoon v. Cleveland Clinic Found.*, 2015-Ohio-421.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101373**

**DAVID ANTOON, ET AL.**

PLAINTIFFS-APPELLANTS

vs.

**CLEVELAND CLINIC FOUNDATION, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-817237

**BEFORE:** Keough, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEYS FOR APPELLANTS**

Dwight D. Brannon
Matthew C. Schultz
Kevin A. Bowman
Brannon & Associates
130 West Second Street, Suite 900
Dayton, Ohio 45402

**ATTORNEYS FOR APPELLEES**

Martin T. Galvin
William A. Meadows
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiffs-appellants, David and Linda Antoon ("the Antoons"), appeal the trial court's decision dismissing their complaint pursuant to Civ.R. 12(B)(6). For the reasons that follow, we reverse and remand.

{¶2} On November 14, 2013, the Antoons filed the instant complaint against the defendants-appellees, the Cleveland Clinic Foundation, Jihad Kaouk, M.D., Raj Goel, M.D., and Michael Lee, M.D. (collectively "appellees"), alleging various causes of action arising from a surgical procedure that occurred on January 8, 2008. In response, the appellees moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) arguing that the Antoons' complaint failed because it was not commenced within the one-year statute of limitations for medical malpractice claims, including all the derivative and related claims raised, pursuant to R.C. 2305.113(A). The appellees further moved to dismiss the Antoons' complaint because it was in violation of R.C. 2305.113(C), Ohio's statute of repose, which requires that a medical claim be filed no more than four years after the alleged malpractice.

{¶3} The Antoons opposed the motion arguing that their complaint was filed within the relevant statute of limitations period because it was filed within 30 days after their federal complaint was dismissed, citing 28 U.S.C. 1367(d).

{¶4} The trial court agreed with the appellees and dismissed the complaint. In granting the appellees' motion, the court concluded:

> On June 1, 2010, plaintiff's case was originally filed in this court as CV-728174. The case was voluntarily dismissed without prejudice on June 3, 2011. The case was not refiled until the filing of this case on November 14, 2013. The case was filed outside the applicable statute of limitations and outside the one year allowed by the Ohio Savings statute. R.C. 2305.19. Further, this filing is also outside the statute of repose, R.C. 2305.113(c) which requires that a medical claim be filed no more than four years after the alleged malpractice. Plaintiff's position is that 28 USCS [Section] 1367 applies. However, the court finds [Section] 1367(d)

would only apply to protect claims while pending in federal court. The request to amend the federal complaint to include medical malpractice and other claims was denied. Therefore, plaintiff's claims at issue were never pending in federal court and are not protected under 28 USCS [Section] 1367. Therefore, defendants' motion is granted.

{¶5} The Antoons appeal this decision, raising two assignments of error, which will be addressed together.

{¶6} In their first assignment of error, the Antoons contend that the trial court erred by granting appellees' motion to dismiss regarding the medical claims. In their second assignment of error, the Antoons contend that the trial court erred by granting the appellees' motion to dismiss with regard to the non-medical claims raised, by failing to consider the periods of limitation for all the different claims included in their complaint.

{¶7} A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), tests the sufficiency of a complaint. In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975); *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor. *Id.* Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶8} In this case, the appellees moved to dismiss the Antoons' complaint contending that the complaint is fatally deficient because (1) it was not commenced within the one-year statute of

limitations for medical malpractice as required pursuant to R.C. 2305.113(A); and (2) it was filed in violation of Ohio's statute of repose pursuant to R.C. 2305.113(C), which requires that a medical claim be filed no more than four years after the alleged malpractice.

{¶9} We first find that the trial court erred in dismissing the Antoons' complaint under the premise that the complaint was not filed within the relevant four-year statute of repose for malpractice claims.

{¶10} "The medical malpractice statute of repose found in R.C. 2305.113(C) does not extinguish a vested right and thus does not violate the Ohio Constitution, Article I, Section 16." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, syllabus. "A vested right occurs when there is 'the existence of a duty, a breach of that duty and injury resulting proximately therefrom.'" *Id*. at ¶ 16, quoting *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). R.C. 2305.113(C) thus bars claims that have not vested within four years of the negligent act. Once vesting occurs, the timeliness of the complaint is controlled by the statute of limitations and its relevant tolling provisions such as the discovery rule. *Ander v. Clark*, 10th Dist. Franklin No. 14AP-65, 2014-Ohio-2664, ¶ 6.

{¶11} In this case, it is alleged that the negligent act occurred on January 8, 2008, the day David Antoon underwent the surgical procedure. (Complaint, ¶ 53). Accordingly, any claim arising from the alleged negligent act needed to vest and a complaint needed to be filed within four years or by January 8, 2012. In this case, it appears from the face of the complaint that a claim vested prior to January 8, 2012 and the Antoons previously filed an action against the defendants, which was dismissed without prejudice in 2011. This filing was within the four-year statute of repose. As such, the claim had vested, and the statute of repose no longer applies. The timeliness of the complaint is now controlled by the statute of limitations and any

tolling provisions. *See Ander*.

{¶12} R.C. 2305.113 establishes a one-year statute of limitations for medical malpractice claims. The Ohio Supreme Court has explained that the statute of limitations begins to run "(a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), at paragraph one of the syllabus, citing *Oliver v. Kaiser Community Health Found*., 5 Ohio St.3d 111, 449 N.E.2d 438 (1983).

{¶13} A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. However, "'[t]he affirmative defense of statute of limitations is generally not properly raised in a Civ.R. 12(B)(6) motion, as it usually requires reference to materials outside the complaint.'" *Ryan v. Ambrosio*, 8th Dist. Cuyahoga No. 91036, 2008-Ohio-6646, ¶ 20, quoting *Ferry v. Shefchuk*, 11th Dist. Geauga No. 2002-G-2480, 2003-Ohio-2535, ¶ 10. "To be properly raised, the 'complaint must show the relevant statute of limitations and the absence of factors which would toll the statute or make it inapplicable.'" *Lisboa v. Tramer*, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶ 13, quoting *Ferry* at ¶ 10.

{¶14} In this case, the trial court clearly considered materials outside the instant complaint when it relied on information contained in the Antoons' first complaint and the subsequent federal complaint. This information was not contained in the Antoons' instant complaint and "the court may not take judicial notice of court proceedings in another case, 'even though between the same parties and even though the same judge presided.'" *Wick v. Lorain*

*Manor*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 10, quoting *Clayton v. Walker*, 9th Dist. Summit No. 26538, 2013-Ohio-2318, ¶ 11. Pursuant to Civ.R. 12(B), the trial court could have converted the motion to one for summary judgment, however there is no indication that happened in this case. Moreover, the documents attached to the appellees' motion to dismiss were not proper Civ.R. 56(C) evidence for the trial court to consider.

{¶15} Under our de novo review of this appeal, we find that insufficient information was alleged in the complaint to warrant dismissal pursuant to Civ.R. 12(B)(6). The complaint does not allege when the relevant statute of limitations began to run. Specifically, there is no allegation when the Antoons discovered the injury or when the physician-patient relationship terminated. The complaint stated, "[o]n December 11, 2008, approximately twelve months after his surgery, Plaintiffs met with Kaouk. Once again, Kaouk told Antoon that he needed to be patient and that Kaouk had not ruled out recovery." (Complaint, ¶ 105). This statement does not indicate whether this was the last time they met for this court to determine that the physician-patient relationship terminated.

{¶16} Furthermore, the complaint stated that "Antoon sent four more e-mails to Kaouk before severing all communications. His first e-mail, on January 8, 2009, requested that Kaouk draft a letter to the VA that documented Antoon's symptoms and issues that Antoon had been describing." (Complaint, ¶ 111). Although paragraph 114 states that "Antoon's last three e-mails requested Kaouk's opinions about his surgical outcomes," no date was provided when these emails were sent for this court to determine if this was when the physician-patient relationship terminated.

{¶17} To determine when the statute of limitations period began or expired, paragraph 12 of the complaint could provide the most guidance.

Plaintiff originally filed an action against these Defendants in Cuyahoga Common Pleas Court, Case No. CV 10 728174, which was dismissed without prejudice on June 13, 2011. Plaintiff then filed a cause of action in the Southern District of Ohio on January 31, 2012 within the one year savings period of R.C. 2305.19. That case was dismissed by the federal district court on October 16, 2013. Plaintiffs' instant action is being filed within the 30-day period permitted under [28] U.S.C. 1367(d).

{¶18} However, insufficient information is provided in this paragraph to determine if in fact the statute of limitations expired prior to the Antoons filing of the instant complaint. For instance, if the statute of limitations expired prior to the time when the Antoons filed their federal complaint, then the 30-day period permitted under 28 U.S.C. 1367(d) would not revive their ability to refile their complaint in the trial court below. Our reading of 28 U.S.C. 1367(d) is that it only applies when the statute of limitations expires while the action that contains state causes of action is pending in federal court. Such determination cannot be made here.

{¶19} Construing the allegations in favor of the nonmoving party, which we must do under Civ.R. 12(B), the complaint on its face does not conclusively show that the Antoons' claims, both medical and non-medical, are time-barred. Therefore, the trial court erred in granting the appellees' Civ.R. 12(B)(6) motion and dismissing the complaint with prejudice. The assignments of error are sustained.

{¶20} Judgment reversed and remanded.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into

execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR