BROWN, J.
{¶ 1} Amy McCualsky (individually "appellant") and David McCualsky ("David"), plaintiffs-appellants, appeal from the judgment of the Court of Claims of Ohio, in which the court granted the motion to dismiss filed by Appalachian Behavioral Healthcare ("Appalachian"), defendant-appellee, which is an agency operating under the Ohio Department of Mental Health.
{¶ 2} On December 21, 2008, appellant sought treatment for pneumonia at O'Bleness Memorial Hospital ("O'Bleness"). An issue arose with appellant's care, and O'Bleness contacted Appalachian, as well as police. Drs. Curtis B. Wright and Christopher A. Kovell, who worked for Appalachian, arrived at O'Bleness and asked appellant to come to Appalachian for treatment. After appellant went to Appalachian, Drs. Wright and Kovell prescribed appellant lithium. During her stay at Appalachian, appellant left to visit her home for four days. Appellant alleged that Appalachian released her to a stranger to transport her home, and that person sexually assaulted her.
{¶ 3} Appellants provided notice of a potential medical negligence action to the potential defendants on January 16, 2010, pursuant to R.C. 2305.113(B)(1), thereby extending the statute of limitations by 180 days, expiring in July 2010.
{¶ 4} On July 15, 2010, appellant and her husband, David, filed an action against the state of Ohio, Appalachian, and Drs. Wright and Kovell ("first complaint" or "first action"). Appellants alleged negligence claiming that Drs. Wright and Kovell prescribed massive and dangerous doses of lithium that damaged appellant. They claimed the cause of actions accrued on or about January 16, 2009. With regard to the premises liability claim, appellants alleged that Appalachian allowed an unauthorized person to take custody of appellant knowing that she was incapable of making independent judgments and that person sexually assaulted her. The complaint also included a loss of consortium claim on behalf of David. The Court of Claims subsequently sua sponte struck Drs. Wright and Kovell as defendants in the case pursuant to R.C. 2743.02(E). On August 18, 2010, appellant voluntarily dismissed the first complaint, without prejudice, pursuant to Civ.R. 41(A)(1).
{¶ 5} On August 15, 2011, appellant and David filed a complaint against the state of Ohio, Appalachian, and Drs. Wright and Kovell ("second complaint" or "second action"), alleging the same facts and causes of action as in the first complaint. After a trial on the matter was continued twice, the case came for trial before a magistrate on September 21, 2015. Appellants requested a continuance for the purpose of *1052 obtaining the testimony of the treating physician. The magistrate denied the motion and appellants moved to dismiss their complaint pursuant to Civ.R. 41. On October 13, 2015, the magistrate issued an "Order of Dismissal," dismissing the complaint pursuant to Civ.R. 41(A)(2). On December 24, 2015, appellants filed a "Motion for Dismissal Under Rule 41(A)." On January 22, 2016, the magistrate issued a decision wherein the magistrate repeated the findings and conclusions made in the October 13, 2015 order of dismissal and recommended appellants' complaint be dismissed pursuant to Civ.R. 41(A)(2). Appellants filed objections on February 8, 2016, arguing that the magistrate erred by recommending dismissal, pursuant to Civ.R. 41(A)(2), rather than an involuntary dismissal per Civ.R. 41(A)(1), which appellants claim would have entitled them to refile the matter. On March 23, 2016, the court issued an entry of dismissal, in which the court denied appellants' objections as untimely filed, adopted the magistrate's recommendation, and dismissed appellants' complaint pursuant to Civ.R. 41(A)(2).
{¶ 6} On April 8, 2016, appellants filed a motion for reconsideration arguing that they had mailed their objections on February 3, 2016, within the 14-day deadline, but, through no fault of their own, the Court of Claims did not file the objections until February 8, 2016. On May 10, 2016, the Court of Claims denied the motion for reconsideration as a nullity. Appellants appealed, and in McCualsky v. Appalachian Behavioral Healthcare , 10th Dist. No. 16AP-442, 2017-Ohio-1064, 2017 WL 1090983, we dismissed the appeal, as a motion for reconsideration is a nullity and any order ruling on such is also a nullity and not a final, appealable order.
{¶ 7} On March 3, 2017, appellants filed another complaint ("third complaint" or "third action") against the state of Ohio. The third complaint involved the same facts alleged in the first and second complaints and was essentially identical to the prior complaints. Appellants filed an amended complaint on March 14, 2017, dismissing the state of Ohio as a defendant and naming Appalachian as the defendant, but otherwise alleging the same facts and causes of action.
{¶ 8} On March 30, 2017, Appalachian filed a motion to dismiss the amended complaint based on the statute of limitations and the double dismissal rule in Civ.R. 41(A)(1). Appalachian argued that appellants utilized the "savings statute" in R.C. 2305.19(A) to refile the second complaint; thus, the savings statute could not be used to file the third complaint beyond the statute of limitations.
{¶ 9} On June 21, 2017, the court issued an entry of dismissal. The court found the double dismissal rule in Civ.R. 41(A)(1) did not apply here. However, the court found the third action was barred by the statute of limitations and could not be made timely by application of the savings statute in R.C. 2305.19(A). Appellants appeal the judgment of the Court of Claims, asserting the following assignment of error:
The trial court erred in applying the savings statute to the second complaint and dismissing Plaintiffs' third complaint, where the first complaint was not filed against these Defendants and the second complaint was involuntarily and improperly dismissed.
{¶ 10} Appellants argue in their sole assignment of error that the court erred when it applied the savings statute to the second complaint and dismissed appellants' third complaint, when the first complaint was not filed against the current appellees and the second complaint was involuntarily and improperly dismissed.
{¶ 11} A motion to dismiss for failure to state a claim on which relief can be *1053 granted tests the sufficiency of the complaint. Volbers-Klarich v. Middletown Mgt. , 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. Id. at ¶ 12 ; LeRoy v. Allen, Yurasek & Merklin , 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14. A court may dismiss a claim under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the claim is time-barred. Ohio Bur. of Workers' Comp. v. McKinley , 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 13. Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. Id. at ¶ 12.
{¶ 12} The statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides, in pertinent part: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." "Under Ohio law, the general rule is that 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " Marok v. Ohio State Univ. , 10th Dist. No. 13AP-12, 2014-Ohio-1184, 2014 WL 1347535, ¶ 25, discretionary appeal not allowed , 140 Ohio St.3d 1415, 2014-Ohio-3785, 15 N.E.3d 884, quoting Collins v. Sotka , 81 Ohio St.3d 506, 507, 692 N.E.2d 581 (1998).
{¶ 13} In the present case, appellants asserted in their complaint that the causes of action accrued on January 16, 2009. Pursuant to R.C. 2305.113, the statute of limitations for a medical negligence claim, as well as a derivative loss of consortium claim, is one year. Appellant served a "180-day letter," pursuant to R.C. 2305.113(B)(1), on Appalachian; thus, the statute of limitations was extended 180 days for the medical negligence and loss of consortium claims to July 16, 2010. Pursuant to R.C. 2305.10(A), the statute of limitations for a premises liability claim is two years. Thus, the statute of limitations for appellants' premises liability claim expired on January 16, 2011.
{¶ 14} However, a statute of limitations may be "extended," pursuant to R.C. 2305.19(A), the "savings statute." R.C. 2305.19 affords a plaintiff a limited period of time to refile a dismissed claim that would otherwise be time-barred. The statute provides: "In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A). Thus, after the applicable statute of limitations has expired, the savings statute permits a plaintiff to refile within one year after the action has failed "otherwise than upon the merits." A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than on the merits within the meaning of the savings statute. Frysinger v. Leech , 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), paragraph two of the syllabus; Ruch v. Ohio Dept. of Transp. , 10th Dist. No. 03AP-1070, 2004-Ohio-6714, 2004 WL 2893150, ¶ 9.
{¶ 15} In the present case, the trial court found that appellants utilized the savings statute to refile their second complaint; thus, the claims in their third complaint were filed outside the applicable *1054 statute of limitations. The court reasoned that the statute of limitations for the medical negligence and loss of consortium claims expired July 16, 2010, and appellants filed their first complaint on July 15, 2010, which was within the statute of limitations. Appellants voluntarily dismissed their complaint on August 18, 2010 pursuant to Civ.R. 41(A)(1). Appellants then filed their second complaint on August 15, 2011, which was within one year of their voluntary dismissal. The court found it was apparent appellants utilized the savings statute in filing their second complaint because, otherwise, their medical negligence and loss of consortium claims would have been untimely filed beyond their July 16, 2010 statute of limitations. Similarly, with regard to appellants' premises liability claim, the court found that because the statute of limitations expired on January 16, 2011, appellants obviously used the savings statute to refile the premises liability claim in their second complaint on August 15, 2011; otherwise, that claim would have been untimely. The court concluded that, having used the savings statute once to file their claims in their second complaint, they could not use the savings statute again to timely file their claims in their third complaint. Therefore, because appellants filed their third complaint on March 3, 2017, it was filed beyond the statute of limitations for the three claims.
{¶ 16} We agree with the analysis of the court and find appellants' arguments in this appeal without merit. Appellants' first argument is that the second complaint was timely filed because it added defendants and a cause of action, distinguishing it from the first complaint. Presumably, appellants raise this issue in an attempt to claim that the second complaint should be considered the initial complaint, so as not to necessitate the use of the savings statute in filing the second complaint, as the Ohio savings statute applies only if a party files a substantially similar action within one year of the dismissal without prejudice. See Children's Hosp. v. Ohio Dept. of Public Welfare , 69 Ohio St.2d 523, 433 N.E.2d 187 (1982), paragraph one of syllabus (finding that the savings statute applies when the original suit and the new action are substantially the same; the savings statute does not apply when the parties and relief sought in the new action are different from those in the original action).
{¶ 17} However, appellants are clearly incorrect on both of the above claims. The first and second complaints raise the same three causes of actions and are even separated by the same distinct headings for each claim: (1) negligence, (2) premises liability, and (3) loss of consortium. As for appellants' claim that the second complaint added defendants not present in the first complaint, both the first and second complaints named as defendants the state of Ohio, Appalachian, and Drs. Wright and Kovell. In both cases, the Court of Claims sua sponte dismissed Drs. Wright and Kovell pursuant to R.C. 2743.02(E). Thus, both complaints named the same defendants. Therefore, this argument is without merit.
{¶ 18} Appellants next argue that the doctrine of equitable estoppel prevented Appalachian from the inequitable use of the statute of limitations. "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn. , 71 Ohio St.3d 26, 34, 641 N.E.2d 188 (1994). As recognized by the Supreme Court of Ohio, "[t]he purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice."
*1055 Ohio State Bd. of Pharmacy v. Frantz , 51 Ohio St.3d 143, 145, 555 N.E.2d 630 (1990). To invoke the doctrine as a bar to statute of limitations defense, however, the plaintiff must be able to show the defendant's specific actions prevented the plaintiff from timely filing the lawsuit. Doe v. Archdiocese of Cincinnati , 116 Ohio St.3d 538, 2008-Ohio-67, 880 N.E.2d 892, ¶ 8-9 (defendant cannot be equitably estopped from asserting a defense premised on the expiration of the applicable limitations period when nothing in the complaint suggests defendant prevented plaintiff from timely filing suit). "Equitable tolling is only available in compelling cases which justify a departure from established procedure." Sharp v. Ohio Civ. Rights Comm. , 7th Dist. No. 04 MA 116, 2005-Ohio-1119, 2005 WL 589889, ¶ 11. Thus, equitable tolling is to be applied sparingly and only in exceptional circumstances. Byers v. Robinson , 10th Dist. No. 08AP-204, 2008-Ohio-4833, 2008 WL 4328189, ¶ 56. A litigant seeking equitable tolling must demonstrate that he or she diligently pursued his or her rights, but some extraordinary circumstance stood in his or her way and prevented timely action. In re Regency Village Certificate of Need Application , 10th Dist. No. 11AP-41, 2011-Ohio-5059, 2011 WL 4541358, ¶ 37.
{¶ 19} Here, appellants claim that Appalachian did not object to the court's dismissal of the second complaint by raising the statute of limitations, so Appalachian should be estopped from raising it in the third action. Appellants also assert that, because Appalachian did not raise the issue of statute of limitations until its motion to dismiss in the third action, appellants believed they could file a third complaint utilizing the savings statute, and such was misleading to appellants.
{¶ 20} We first note that appellants failed to raise equitable estoppel at the trial court level. Failure to raise the issue below results in a waiver of the issue here on appeal. State v. Williams , 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977). See also Fiorini v. Speaker , 8th Dist. No. 79483, 2002-Ohio-3541, 2002 WL 1500586, ¶ 34 (plaintiff waived the theory of equitable estoppel in defense of the plaintiff's statute of limitations argument because he failed to raise it in trial court). Notwithstanding their failure to raise equitable estoppel in the Court of Claims, appellants failed to cite any authority for the proposition that it was somehow Appalachian's duty to advise appellants regarding the statute of limitations and the application of the savings statute. We fail to find Appalachian made any representations or misrepresentations during the second case that would have led appellants to believe they could refile the action pursuant to a second use of the savings statute. To the contrary, in the magistrate's October 13, 2015 order of dismissal, the magistrate specifically indicated that "[c]ounsel for defendant stated that he did not object to plaintiffs' motion, however, noted that he did object to any future attempts to file this case." Thus, Appalachian did, in fact, raise this issue during the second action and expressed its view that appellants could not file a third action.
{¶ 21} Appellants also spend considerable time, particularly in their reply brief, arguing that the court erred when it failed to grant a continuance in the second action and, instead, dismissed the action pursuant to Civ.R. 41(A)(2). However, this issue is not properly before us in the present appeal. Any error in the second action is res judicata for purposes of the present appeal. Therefore, this argument is without merit. For these reasons, we overrule appellants' sole assignment of error.
{¶ 22} Accordingly, appellants' sole assignment of error is overruled, and the *1056 judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed .
TYACK, P.J., and LUPER SCHUSTER, J., concur.