[Cite as *Liles v. Sporing*, 2025-Ohio-626.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEFFREY LILES, | : | APPEAL NO. C-240439 |
| | | TRIAL NO. A-2202758 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| RICHARD SPORING, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 26, 2025

*Jones Kahan Law, LLC, Joel A. Buckley*, *David M. Jones* and *Michael S. Kahan*, for Plaintiff-Appellant,

*Curry Roby, LLC*, and *Lisa C. Haase*, for Defendant-Appellee.

**BOCK, Judge.**

**{¶1}** Plaintiff-appellant Jeffrey Liles sued defendant-appellee Richard Sporing in July 2020. Liles, however, failed to perfect service on Sporing. Nearly two years later, after the statute of limitations time limit had expired, Liles voluntarily dismissed his complaint. Within one year of that dismissal, Liles refiled his lawsuit.

**{¶2}** Ohio's savings statute, R.C. 2305.19, permits a plaintiff who complies with its requirements to refile a complaint after the statute of limitations has expired. Relevant here, the savings statute applies if the first action failed "otherwise than upon the merits." R.C. 2305.19(A). And a plaintiff's first voluntary dismissal under Civ.R. 41(A)(1)(a) is a failure otherwise than upon the merits for the purpose of applying the savings statute. *See Frysinger v. Leech*, 32 Ohio St.3d 38, 43 (1987).

**{¶3}** In this appeal, we examine whether Liles's Civ.R. 41(A)(1)(a) voluntary dismissal was a failure "otherwise than upon the merits." *See* R.C. 2305.19(A). In so doing, we analyze whether *Moore v. Mt. Carmel Health Sys.*, 2020-Ohio-4113, adds any requirements to the savings statute where, as here, a plaintiff fails to obtain service, then voluntarily dismisses the complaint after Civ.R. 3(A)'s commencement period has expired and after the statute of limitations time has run.

**{¶4}** We hold that *Moore* does not add unwritten requirements to the plain, unambiguous language of the savings statute. Following *Moore*, the Supreme Court of Ohio emphasized that the starting place in analyzing savings-statute cases is the plain language of the statute itself. *See McCullough v. Bennett*, 2024-Ohio-2783, ¶ 10. Under its plain language, the savings statute applies if the first action failed "otherwise than upon the merits." And Civ.R. 41(A)(1) unambiguously states that a plaintiff's first voluntary dismissal is "without prejudice." Accordingly, the savings statute applied to save Liles's action. We reverse the trial court's judgment.

### I.    Factual and Procedural History

{¶5}    In July 2020, Liles sued Sporing to recover for injuries he sustained in a July 2019 bicycle-vehicle collision with Sporing ("2020 action"). Liles requested certified mail service on Sporing, which the clerk issued in July 2020. That service was returned unclaimed. Liles took no further action to perfect service on Sporing. Sporing, however, appeared in the 2020 action, which proceeded through discovery. In February 2022, Sporing moved to dismiss the lawsuit, asserting that Liles had failed to perfect service. Nine days later, with Sporing's motion still pending, Liles voluntarily dismissed the 2020 action under Civ.R. 41(A)(1)(a).

{¶6}    In August 2022, Liles refiled his complaint ("2022 action"). Sporing moved for summary judgment, arguing that the 2022 action was barred by the statute of limitations. Sporing asserted that because Liles had failed to perfect service on him in the 2020 action within Civ.R. 3(A)'s one-year commencement period and within the statutory time limit, Ohio's saving statute did not apply to save Liles's action. Liles opposed the motion, arguing that he met the savings statute's requirements because he had voluntarily dismissed his 2020 complaint without prejudice.

{¶7}    The trial court granted Sporing's summary-judgment motion, holding that the Supreme Court of Ohio's decision in *Moore* required judgment in Sporing's favor.

### II.    Analysis

{¶8}    In one assignment of error, Liles asserts that the trial court erroneously dismissed his 2022 action because the savings statute applied to save his lawsuit.

### A.  Standard of review

{¶9}    We review a trial court's summary-judgment ruling de novo. *Environmental Solutions & Innovations, Inc. v. Edge Eng. & Science, LLC*, 2023-

Ohio-2605, ¶ 6 (1st Dist.). Summary judgment must be granted where (1) there are no genuine issues of material fact, (2) the movant is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in the nonmovant's favor, reasonable minds can only come to a conclusion that is adverse to the nonmovant. Civ.R. 56(C); *see M.H. v. City of Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.

**{¶10}** A court interpreting a statute must give effect to the legislature's intent. *Ayers v. City of Cleveland*, 2020-Ohio-1047, ¶ 17. Our starting point is the language of the statute itself. *Id.* "If the statute's language is plain and unambiguous, we apply it as written." *State v. Bollar*, 2022-Ohio-4370, ¶ 10.

### B. <u>Statute of limitations and Ohio's savings statute</u>

**{¶11}** "[A]n action for bodily injury . . . shall be brought within two years after the cause of action accrues." R.C. 2305.10(A). A claim is time-barred unless it is commenced within the applicable statute-of-limitations period. *Moore*, 2020-Ohio-4113, at ¶ 1. Under Civ.R. 3(A), a plaintiff commences an action by filing a complaint and perfecting service within a year of the filing. Accordingly, "to comply with the statute of limitations, an action must be 'commenced' within the limitations period. Under Civ.R. 3(A), this occurs when the action is filed within the limitations period and service is obtained within one year of that filing." *Moore* at ¶ 16.

**{¶12}** Ohio's savings statute creates "'an exception to the general bar of the statute of limitations'" and permits a plaintiff to refile a lawsuit after the statute of limitations has elapsed if the plaintiff meets R.C. 2305.19(A)'s terms. *McCullough*, 2024-Ohio-2783, at ¶ 11, quoting *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 11. Ohio's savings statute provides:

> In any action that is commenced or attempted to be commenced, if in
>
> due time a judgment for the plaintiff is reversed or if the plaintiff fails

otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A).

{¶13} The plain language of the savings statute contains three requirements for the statute to apply to save a lawsuit: (1) the plaintiff must have commenced or attempted to commence the first action, (2) the first action must have been reversed or have failed otherwise than upon the merits, and (3) the plaintiff must have commenced the second action within one year after the failure of the first action, or within the original statutory-limitation period, "whichever occurs later." *Id.*; *McCullough* at ¶ 2.

{¶14} Liles alleged that he was injured on July 24, 2019. Therefore, the statute of limitations was set to expire on July 24, 2021. But the COVID-19 pandemic tolled time limitations, causing the statutory-limitations period to expire on December 14, 2021. Liles filed his second action in August 2022, outside of the statute of limitations. Thus, the 2022 action was untimely unless the savings statute applied.

{¶15} There is no dispute that Liles met the first and third requirements under the savings statute. The sole issue is whether Liles's 2020 action failed "otherwise than upon the merits."

## 1. A first voluntary dismissal fails otherwise than upon the merits

{¶16} In March 2022, Liles voluntarily dismissed the 2020 action under Civ.R. 41(A)(1)(a). When he dismissed the action, he had not perfected service on Sporing, despite it being more than one year after Liles filed the first suit—beyond

Civ.R. 3(A)'s one-year commencement time,[1] and after the statutory-limitation period had expired.

**{¶17}** Civ.R. 41(A)(1)(a) permits a plaintiff to voluntarily dismiss a complaint "without order of court" by filing a notice of dismissal before the start of trial, provided there are no pending counterclaims that cannot independently remain pending. "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice." *Id.*

**{¶18}** For more than 130 years, the Supreme Court of Ohio has held that voluntary dismissals constitute failures "otherwise than upon the merits" within the meaning of the savings statute. *See Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 226 (1982) (explaining that the Court's decision in *Siegfried v. Railroad Co.*, 50 Ohio St. 294 (1893) represents "the seminal Ohio case holding that a truly voluntary dismissal does not constitute a 'fail[ure] otherwise than upon the merits' for purpose of the savings statute."); *see also Frysinger*, 32 Ohio St.3d at paragraph 2 of the syllabus; *Vitantonio, Inc. v. Baxter*, 2007-Ohio-6052, ¶ 4, quoting *Frysinger* at paragraph 2 of the syllabus (reaffirming that Civ.R. 41(A)(1) dismissals "constitute[] a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19."); *Moore*, 2020-Ohio-4113, at ¶ 30 (explaining that the savings statute "applies only when its terms are met . . . when a judgment is reversed or an action fails other than on the merits, that is, when there is either a voluntary dismissal without prejudice under Civ.R. 41(A) or an involuntary dismissal without prejudice under Civ.R. 41(B).").

**{¶19}** Based on Supreme Court of Ohio precedent and the express language of

---

[1] Like the statute of limitations, COVID-19 tolling laws extended the commencement period under Civ.R. 3(A). At the latest, the extended commencement deadline was December 14, 2021.

Civ.R. 41(A), Liles's voluntary dismissal was a failure "otherwise than upon the merits."

**{¶20}** Despite the plain language of the savings statute and Civ.R. 41(A) appearing to make this a relatively simple case, Sporing, relying on *Moore*, claims that Liles's voluntary dismissal constituted a failure on the merits because Liles failed to commence the first action within a year or within the statutory-limitations period.

### 2. *Moore v. Mount Carmel Health Sys.*

**{¶21}** In 2020, the Supreme Court of Ohio considered whether a trial court properly granted summary judgment in a defendant's favor where the plaintiff had failed to commence his action before the expiration of the statute of limitations. *Moore*, 2020-Ohio-4113. Because the *Moore* plaintiff had not fulfilled the savings statute's requirements, the Court ruled that the savings statute did not apply.

a. The *Moore* plaintiff did not dismiss or refile the action

**{¶22}** In *Moore*, the plaintiff, alleging his child was injured during a medical procedure, filed a medical-malpractice action against a physician, his employer, and a hospital one day before the statute of limitations expired. *Id.* at ¶ 12. The plaintiff failed to perfect service on the defendant-doctor within one year of his filing the complaint. *Id.* at ¶ 5. The defendants sought summary judgment, arguing that the plaintiff's claim was time barred because the statute of limitations had expired and the plaintiff did not serve the defendant-doctor within Civ.R. 3(A)'s one-year commencement period. *Id.* at ¶ 7. Before the trial court ruled on the summary-judgment motion, the plaintiff again instructed the clerk to issue service to the doctor-defendant; that service was perfected. *Id.*

**{¶23}** The trial court granted the defendants' summary-judgment motion. The court of appeals reversed, reasoning that the plaintiff's second instruction for service

constituted a voluntary dismissal and refiling of a new action by operation of law under *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549 (1991). *Moore* at ¶ 9. The defendants appealed, arguing that "once the applicable statute-of-limitations period expires, the savings statute cannot be used to revive a cause of action that was not timely commenced under Civ.R. 3(A)." *Id.* at ¶ 11.

{¶24} The Supreme Court reinstated the trial court's judgment. *Id.* at ¶ 37. It began by noting that the statute of limitations required the action to be "commenced" within one year after the cause of action accrued. *Moore*, 2024-Ohio-4113, at ¶ 14. The Court explained that Civ.R. 3(A) "determines when an action is commenced" and provides, "A civil action is *commenced* by filing a complaint with the court, *if service is obtained within one year* from such filing upon a named defendant." (Emphasis in original.) *Id.* at ¶ 15; *see* Civ.R. 3(A). The Court observed, "to comply with the statute of limitations, an action must be 'commenced' within the limitations period. Under Civ.R. 3(A), this occurs when the action is filed within the limitations period and service is obtained within one year of that filing." *Id.* at ¶ 16.

{¶25} The Court concluded,

Under the plain language of these three provisions, Moore's claim is barred by the statute of limitations. Moore filed his action within the limitations period but did not obtain service on Dr. Humphreys during the one-year commencement period pursuant to Civ.R. 3(A). Thus, he did not commence his action within the statute-of-limitations period. As a result, as of July 7, 2016, his claim was time-barred.

*Id.* at ¶ 18.

{¶26} The *Moore* Court held that the savings statute did not apply to save Moore's claims:

8

[F]or the statute to apply, the claim must have failed 'otherwise than upon the merits' and then Moore must have filed a new claim within one year thereafter. Here, when Moore issued instructions to the clerk to serve the complaint in March 2017, Moore's claim hadn't failed other than on the merits. The case remained on the court's docket—it was subject to dismissal, to be sure, both because Moore had failed to accomplish service and because the statute of limitations had run. But no such dismissal had been entered, and if such dismissal had been entered, the expiration of the statute of limitations would have made the failure on the merits.

*Id.* at ¶ 19.

{¶27} The *Moore* court further noted that the plaintiff had not filed a "new action." *Moore*, 2020-Ohio-4113, at ¶ 19. Instead, the plaintiff simply requested the clerk serve the original complaint. *Id.* "Thus, if the savings statute means what it says, it does not apply." *Id.*

{¶28} The Court limited *Goolsby* to its facts, stating that "a new instruction to the clerk to serve a complaint that is made after Civ.R. 3(A)'s commencement period has expired may be treated as a dismissal and refiling for purposes of the savings statute . . . only when the statute of limitations has not yet expired." *Id.* at ¶ 26.

{¶29} The Court concluded, "[W]hen, as here, (1) a plaintiff attempts to commence an action but fails to obtain service within Civ.R. 3(A)'s one-year commencement period and (2) the action has neither failed other than on the merits during that one-year period (i.e., been dismissed without prejudice) nor been refiled, (3) the plaintiff cannot use the savings statute to revive the action outside the limitations period." *Id.* at ¶ 36.

b. The *Moore* Court did not create a rule that disposes of this action

**{¶30}** When discussing the savings statute's terms, the *Moore* Court did not definitively or consistently state that a voluntary dismissal outside the statute of limitations must be within the commencement period. *Compare Moore*, 2020-Ohio-4113, at ¶ 30 ("the savings statute . . . applies only when its terms are met: when an action is commenced or attempted to be commenced; when a judgment is reversed or an action fails other than on the merits, that is, when there is either a voluntary dismissal without prejudice under Civ.R. 41(A) or an involuntary dismissal without prejudice under Civ.R. 41(B); and when the complaint is refiled within one year.") *with Moore* at ¶ 36 ("Thus, when, as here, (1) a plaintiff attempts to commence an action but fails to obtain service within Civ.R. 3(A)'s one-year commencement period and (2) the action has neither failed other than on the merits during that one-year period (i.e., been dismissed without prejudice) nor been refiled, (3) the plaintiff cannot use the savings statute to revive the action outside the limitations period.").

**{¶31}** Moreover, the *Moore* Court was not presented with facts similar to those in this case, where the plaintiff voluntarily dismissed his action and then refiled it within a year. Because *Moore* did not involve a voluntary dismissal and refiling, the *Moore* court had no occasion to consider what effect the expiration of the commencement period and statute of limitations might have on a plaintiff's first voluntary dismissal. To the extent that *Moore*'s statements suggest that plaintiffs may only take advantage of the savings statute if they voluntarily dismiss the action within the commencement period, that language is dicta. *See McCullough*, 2024-Ohio-2783,

at ¶ 17, fn. 1.[2]

c. *Moore*'s facts differed from this case's facts

**{¶32}** The *Moore* plaintiff did not voluntarily dismiss his case—thus, there was no failure otherwise than upon the merits. Instead, the trial court in *Moore* entered judgment against the plaintiff based on the statute of limitations. The *Moore* plaintiff also did not refile his action within a year of the trial court dismissing the first action. Accordingly, the plaintiff failed to meet two of the savings statute's three requirements. *Moore*, 2020-Ohio-4113, at ¶ 19. In other words, "the saving statute was inapplicable by its plain terms." *McCullough* at ¶ 28.

**{¶33}** The *McCullough* Court considered the savings statute and explained *Moore. McCullough*, 2024-Ohio-2783. The *McCullough* Court noted that in *Moore*, the action "had not failed 'other than on the merits.' Moore did not voluntarily dismiss the action. Rather, judgment had been granted on the merits based on the statute of limitations." (Cleaned up.) *Id.* at ¶ 27; *see Barnett v. Johnson*, 2024-Ohio-3254, ¶ 23 (10th Dist.) ("On appeal, the Supreme Court reversed this court's decision, concluding that the savings statute did not apply because the second request for service did not constitute a voluntary dismissal and refiling."). The *McCullough* Court emphasized that in *Moore*, the trial court entered *judgment* against the plaintiff and the plaintiff had not filed a new action. *Id.* As such, *Moore* "expressly dealt with a situation where the saving statute was inapplicable by its plain terms." *Id.* at ¶ 28.

**{¶34}** *Moore* is distinguishable from this case. Sporing moved for summary judgment in the 2022 action based on arguments similar to the *Moore* defendants'

---

[2] *McCullough* cautioned against placing undue weight on dicta from prior decisions where the "court did not include any analysis—textual or otherwise—to explain" its remarks. *McCullough* at ¶ 17-19.

arguments. We note that Liles's 2020 action was *subject to* dismissal after December 14, 2021, because Liles had failed to perfect service on Sporing—and therefore, failed to commence the action—within the statutory-limitations period or within Civ.R. 3(A)'s one-year commencement period.

**{¶35}** Unlike in *Moore*, however, before the trial court made any dispositive rulings, Liles voluntarily dismissed the 2020 action under Civ.R. 41(A). As discussed above, the Supreme Court of Ohio has held for more than a century that voluntary dismissals constitute failures otherwise than on the merits for purposes of the savings statute. *See, e.g., Chadwick*, 69 Ohio St.2d 222 (1982); *Siegfried*, 50 Ohio St. 294 (1893); *Frysinger*, 32 Ohio St.3d 38; *Vitantonio, Inc.*, 2007-Ohio-6052. Likewise, appellate courts from across the state, following these cases, hold that for purposes of the savings statute, Civ.R. 41(A)(1)(a) dismissals are failures otherwise than upon the merits. *See Taylor v. Burkhart*, 2020-Ohio-3632, ¶ 22 (7th Dist.); *McCualsky v. Appalachian Behavioral Healthcare*, 2017-Ohio-8841, ¶ 14 (10th Dist.); *Williams v. Assocs. in Female Health*, 2002-Ohio-4954, ¶ 7 (11th Dist.); *Wenzel v. Al Castrucci, Inc.*, 1999 Ohio App. LEXIS 2802, *17 (2d Dist. June 18, 1999).

**{¶36}** Once Liles dismissed the 2020 action, the trial court did not, and had no authority to, enter judgment against Liles because a voluntary dismissal "completely terminates the possibility of further action on the merits of the case upon its mere filing." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 2011-Ohio-3177, ¶ 17.

**{¶37}** And unlike the *Moore* plaintiff, Liles refiled his action within one year of his voluntarily dismissing the 2020 case.

**{¶38}** These differences are significant. The *Moore* plaintiff, by not voluntarily dismissing his case and not refiling a new action, did not fulfil two of the three savings-statute requirements. Liles, however, met all three of R.C. 2305.19(A)'s requirements.

He attempted to commence the 2020 action. His voluntary dismissal was "otherwise than upon the merits." And he filed his new action within one year of the dismissal.

### 3. *The plain language of the savings statute controls*

**{¶39}** After *Moore*, the Supreme Court of Ohio emphasized that the touchstone in any statutory-interpretation case is the plain language of the statute itself. *McCullough*, 2024-Ohio-2783, at ¶ 10 ("We will address of [sic] each of Bennett's arguments, but we begin our analysis with the plain language of the saving statute."). The *McCullough* Court repeatedly declined to reach a result that would add language to or delete language from the plain language of the savings statute. *Id.* at ¶ 23 ("Bennett's second argument is also refuted by the plain language of the saving statute."). Instead, *McCullough* instructs us to determine whether "the saving statute applies by its plain language." *Id.* at ¶ 28.

**{¶40}** We decline to accept Sporing's invitation to read *Moore* so broadly as to hold that the savings statute contains a requirement—not contained in the plain language of the statute itself—that a voluntary dismissal is a failure otherwise than upon the merits only if it occurs within Civ.R. 3(A)'s commencement period or before the statutory-limitation period expires.

**{¶41}** Applying Civ.R. 41(A)(1)(a)'s plain language and following more than a century of case law, we hold that Liles's voluntary dismissal was a failure otherwise than upon the merits. Civ.R. 41(A) expressly states that a first voluntary dismissal is without prejudice and is not on the merits. *See Thomas v. Freeman*, 79 Ohio St.3d 221, 225, fn. 2 (1997) ("a dismissal without prejudice is an adjudication otherwise than on the merits."). Nothing in Civ.R. 41(A) suggests that a voluntary dismissal is on the merits if the dismissal occurs after the commencement and statutory-limitation periods expire.

{¶42} Accepting Sporing's argument would require this court to rewrite Civ.R. 41(A) and ignore the Supreme Court of Ohio's express holdings in *Siegfried, Chadwick, Frysinger*, and *Vitantonio, Inc.*, that a voluntary dismissal is a failure "'otherwise than upon the merits' within the meaning of the savings statute." *Frysinger*, 32 Ohio St.3d at 43. This court will not alter the rule's language.

### 4. Liles's 2020 case did not fail on the merits "by operation of law"

{¶43} Sporing cites no cases holding that a plaintiff's voluntary dismissal under Civ.R. 41(A)(1)(a) after the commencement and statutory-limitation periods expire constitutes a failure on the merits. Instead, Sporing argues that Liles's action failed on the merits "by operation of law."

{¶44} But other than *Moore*'s dicta, Sporing points to no authority by which this operation of law might occur. True, a trial court's judgment dismissing an action based on the statute of limitations is a failure on the merits. *See Moore*, 2020-Ohio-4113, at ¶ 19; *see also Clawson v. Hts. Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154, ¶ 31; *Anderson v. Borg-Warner Corp.*, 2003-Ohio-1500, ¶ 20-23 (8th Dist.) (holding that a trial court's dismissal for failure to commence an action within the applicable statute of limitations and Civ.R. 3(A) is on the merits and with prejudice). But the trial court did not dismiss the 2020 action. Liles did.

{¶45} We further note that by its terms, the savings statute contemplates that a plaintiff's failure otherwise than upon the merits may occur after the expiration of the statute of limitations. *See* R.C. 2305.19(A) ("the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, *whichever occurs later*." (Emphasis added.)). And the savings statute, by its plain terms, applies even if the first action was "attempted to be

commenced." This demonstrates that the General Assembly contemplated the savings statute applying even when a plaintiff fails to perfect service within Civ.R. 3(A)'s commencement period.

**{¶46}** Sporing essentially asks us to look past Liles's voluntary dismissal—a dismissal the Ohio Civil Rules tells us was without prejudice—to determine that an asserted, but unadjudicated, affirmative defense converts that dismissal to one on the merits. We decline to do so.

**{¶47}** Because Civ.R. 41(A)(1) and long-standing Ohio precedent unequivocally state that a first voluntary dismissal is not on the merits, Liles's 2020 action failed otherwise than upon the merits within the meaning of the savings statute. Thus, R.C. 2305.19 applied and allowed Liles to refile his 2020 complaint. The trial court erred by dismissing Liles's 2022 action and we therefore sustain Liles's assignment of error.

## III. *Conclusion*

**{¶48}** For the foregoing reasons, we sustain Liles's assignment of error, reverse the trial court's judgment, and remand the cause to the trial court.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.